ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Lee's Ford Dock, Inc. | )  ASBCA No. 59041 |
| | ) |
| Under Contract No. DACW62-1-00-0105 | ) |

APPEARANCES FOR THE APPELLANT:      Alan I. Saltman, Esq.
                                                             Evangelin L. Nichols, Esq.
                                                               Smith, Currie & Hancock LLP
                                                               Washington, DC

                                                             Karl F. Dix, Jr., Esq.
                                                               Smith, Currie & Hancock LLP
                                                               Atlanta, GA

APPEARANCES FOR THE GOVERNMENT:      Thomas H. Gourlay, Jr., Esq.
                                                               Engineer Chief Trial Attorney
                                                             Thomas M. Browder III, Esq.
                                                               Engineer Trial Attorney
                                                               U.S. Army Engineer District,
                                                               Nashville

## OPINION BY ADMINISTRATIVE JUDGE CLARKE ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant moves the Board to reconsider its 23 July 2014 decision granting the government's motion to dismiss for lack of jurisdiction to consider appellant's superior knowledge count in its complaint. Appellant contends that the Board's decision relied upon an erroneous statement of facts. We deny the motion.

Discussion

To prevail on reconsideration, the moving party must generally establish that the underlying decision contained mistakes of facts or errors of law or that newly discovered evidence warrants modifying our decision. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125. In this motion appellant relies upon mistake of fact, "[f]or the reasons set forth below, the Board's Opinion contained mistakes in

its findings of fact" (app. mot. at 1).[1] The specific facts alleged to be erroneous are in the Board's decision section, "[o]f critical importance is the ***complete absence*** of any assertion that the COE had information that appellant did not" and "[t]here is nothing in Lee's Ford's operative facts alleged in the claim that arguably supports the theory of superior knowledge" (app. mot. at 2). In alleging that the factual underpinnings of the Board's decision were mistaken, appellant relies upon certain portions of Exhibit A to its 18 January 2013 claim letter (R4, tab 8), a 19 January 2007 Memorandum for Record (R4, tab 15), to which the Board referred in its decision.

Appellant addressed the 19 January 2007 memorandum in its claim as follows:

### B. THE LOWERING OF LAKE CUMBERLAND

As you are aware, Lake Cumberland is dammed by Wolf Creek Dam. On January 19, 2007, LTC Steven J. Roemhildt and Brigadier General Bruce A. Berwick signed the Memorandum for Record on the subject of "Wolf Creek Dam Interim Risk Reduction Measures" (the "January 19th Memo"), which discussed concerns with the possible failure of Wolf Creek Dam and the need to repair it.[2] The January 19th Memo concluded that the Lake must be substantially lowered in order to accomplish the necessary repairs. Recognizing the impacts of the lowering on the Lake region, the Memo provided that "[p]lans are being developed to mitigate to the maximum extent possible those impacts." Memo, p. 14. The Memo also included a commitment that the "Nashville District [of the Corps] will work with Lake Cumberland stakeholders to minimize to the extent practicable the impact to recreation," which was said to include the "relocation of marinas" and the "relaxation of user fees." *Id.* at 15. On January 22, 2007, the Corps began to lower the Lake water levels by a total of 43 feet.

....

[2] A copy of this Memorandum is attached hereto as Exhibit A.

---

[1] The Board does not make ultimate fact findings in deciding a motion to dismiss. Rather, we present a statement of facts based upon the record to date for purposes of deciding the motion.

(R4, tab 8 at 2) In its motion appellant cites references in Exhibit A and its appendices to problems relating to the dam that predated appellant's contract (app. mot. at 5-7). Appellant had the chance to raise these points in its initial briefing but did not. Moreover, none of these problems were brought to the contracting officer's (CO's) attention in appellant's claim, let alone alleged to be evidence that the CO had superior knowledge about the multi-year lake drawdown about which appellant complained in its claim. Indeed, despite including Exhibit A in its claim, appellant concluded in its claim that "the parties could not have envisioned at the time that they entered into the lease that the lake would be drawn down to such an extreme degree for such a long period of time" (R4, tab 8 at 5). The claim elaborated that "all the parties could have anticipated was perhaps a short-term drawdown for repairs to the Dam" (*id.*). The 5 November 2014 declaration by appellant's president appended to appellant's reply to the government's opposition to its reconsideration motion is after the fact and was not part of appellant's claim.

Appellant's argument relies on the premise that the Board should look to both the claim and attachments thereto to determine if a CO was on notice of a theory of recovery, i.e., in this case superior knowledge not specifically identified in the claim. Appellant cites to *Todd Pacific Shipyards Corp.*, ASBCA No. 55126, 06-2 BCA ¶ 33,421; *Kos Kam, Inc.*, ASBCA No. 34633, 88-3 BCA ¶ 20,930; *Toombs & Company, Inc.*, ASBCA Nos. 35085, 35086, 89-1 BCA ¶ 21,402; and *The Public Warehousing Co.*, ASBCA No. 56022, 11-2 BCA ¶ 34,788 to support this proposition.

While the cases relied upon by appellant do indeed illustrate that the Board will rely on documents attached to, referenced in or related to the claim, appellant's motion extrapolates the precedents too far. In each of these cases the decision indicates that appellant brought the facts directly to the CO's attention and that the CO was aware of the facts in the documents in rendering the final decision. That situation is absent in this appeal.

In its Reply Brief appellant cites *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003) for the proposition that presenting different legal theories is acceptable if the theories are based on operative facts contained in the original claim submitted to the CO. We agree with this conclusion. In *Scott Timber* the Federal Circuit found, "Scott gave the CO clear notice of a purported breach of contract based on the prolonged and allegedly unauthorized suspensions." *Id.* The same cannot be said of appellant's claim. Thus, the operative facts in appellant's claim did not put the CO on notice that appellant was alleging superior knowledge.

In its claim, appellant used Exhibit A only to document the decision memorandum that resulted in the lowering of the lake. There was absolutely no reference to the other facts in Exhibit A and its appendices appellant now points to. Appellant would have us expand the precedents it cites to require the government to

3

search out operative facts in the record not relied upon by appellant in its claim. This we will not do.

We concluded in our decision that,"[a]s in *Laidlaw,* no reasonable person could have inferred, from reading Lee's Ford's claim, that it was alleging the government had pre-award superior information that Lee's Ford did not possess." *Lee's Ford Dock, Inc.,* ASBCA No. 59041, 14-1 BCA ¶ 35,679 at 174,643. This remains our conclusion.

## CONCLUSION

For the reasons stated above we deny the appellant's motion for reconsideration.

Dated: 8 December 2014

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

CHERYL L. SCOTT
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59041, Appeal of Lee's Ford Dock, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals